JEN LEE LAW, INC.
Jen Grondahl Lee, No. 270012
Leo G. Spanos, No. 261837
Connie Tche, No. 255235
Amir Beg, No. 322363
111 Deerwood Road, Suite 200
San Ramon, California 94583
(925) 586-6738
(925) 361-3114 (fax)
leo@jenleelaw.com


Attorney for Defendants/Debtors

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | Case No.: 21-23737-C-7 |
| DOUGLASS MILAN RHONE and APRYL DAWN RHONE | AP No. 21-02088 |
| | Docket Control No. |
| Debtors. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL INITIAL DISCLOSURES** |
| ROBERTA SCHWARTZ | |
| Plaintiff/Creditor, | |
| v. | DATE: May 25, 2022 |
| | TIME:  1:30 p.m. |
| DOUGLASS MILAN RHONE and APRYL MILAN RHONE | DEPT:  Dept C. (Courtroom 35) |
| Defendants/Debtors | |

DOUGLASS MILAN RHONE and APRYL MILAN RHONE ("Defendants" or "Debtors") object to Plaintiff's Second Motion to Compel (doc. #46, "Motion") based on failure to provide legal authority supporting requested relief and the reasons stated below. The Defendants seek an order denying Plaintiff's Motion with prejudice.

## We INTRODUCTION

None of the material facts appear to be in dispute. The Debtors filed for Chapter 7 bankruptcy relief on October 29, 2021. They had not filed any previous bankruptcies in the last eight years. They listed all their assets and liabilities, including a nonpriority unsecured claim to Roberta Schwartz ("Plaintiff") in the amount of $105,406.82 pursuant to a judgement. (Doc. #1, Schedule E/F, section 4.6). Plaintiff filed a proof of claim in the amount of $129,594.50 on December 8, 2021. (Claim #1-1). Plaintiff's claim attached an abstract of judgment dated January 29, 2020.

On December 14, 2021, the Chapter 7 trustee ("Trustee") docketed Chapter 7 Trustee's Report of No Distribution ("RND"). On December 21, 2021, Roberta Schwartz (hereafter, "Plaintiff") filed the above referenced adversary proceeding against the Debtors. (Doc. #16, hereafter "AP"). On January 23, 2022, Plaintiff filed an objection to the RND ("Objection") alleging the Debtors "willfully and knowingly concealed material facts." (Doc. #17). The Trustee filed a Response to the Objection (doc. #26) to which the Plaintiff riled a Reply (doc. #31). The Debtors also filed a Declaration in response to the RND on February 9, 2022. (Doc. #33). On March 11, 2022, the Court entered an Order Overruling the Plaintiff's Objection.

Many of the substantive claims in this adversary proceeding have already been raised in the Objection that was overruled. Specifically, the allegations with respect to false representations, fraudulent transfers, and failing to explain a loss of assets. (Doc. #1, Claims Three, Four, and Five; lines 60-90 related to accusation about the Debtors' income and the scheduling/valuation of their cars, furniture and jewelry).

The Plaintiff's Motion should be denied *in toto*. The Plaintiff is requesting sanctions to "protect" her from "future surprise" and "to remind the Defendants that Mrs. Schawartz has a Constitutional right to meaningful participation" in the litigation. The request for sanctions and

to compel initial disclosures are not supported by the law and the cited authority is irrelevant to the issues presented.

**FACTS**

1. On April 26, 2022, Jen Lee Law, Inc. substituted into this adversary proceeding as attorney of record for the Defendants.  (Doc. #35).

2. Leo Spanos, a Partner with Jen Lee Law, Inc., appeared at the hearing on the Plaintiff's Motion to Compel on April 27, 2022.

3. At the hearing, Mr. Spanos stated his contact information on the record for the Defendant to contact him.

4. The Court denied the Plaintiff's Motion to Compel (doc. #38) and entered an Amended Scheduling Order (doc. #40, hereafter "Order") on April 29, 2022.

5. As relevant, the Order fixed the following deadlines --

   a. Initial disclosure deadline: May 6, 2022

   b. Close of discovery: July 29, 2022.

6. The Plaintiff submitted her initial disclosures via email on April 27, 2022.

7. The Defendants sent their initial disclosures via email on May 5, 2022.

8. The Plaintiff sent an email attaching "Plaintiff's First Set of Interrogatories to Defendant Apryl Dawn Rhone" (hereafter "Interrogatories") and pictures of purported damage to Plaintiff's property on May 5, 2022.   (Exhibit A).

9. The Interrogatories requested answers within 30 days from the date of service.

10. In email and during the discovery conference, the Plaintiff expressed frustration that the Defendants initial disclosures were unsatisfactory as well as surprise to "receive anything since they represented to me that there wasn't anything to disclose."

11. The parties discussed the disclosures and other issues related to the litigation during the discovery conference.

12. The Plaintiff filed a Second Motion to Compel (doc. #46) and Memorandum of Points and Authorities (doc. #48) on May 13, 2022.

## ARGUMENT

## MOTION PROVIDES NO AUTHORITY FOR COURT TO ORDER SANCTIONS AND DEFENDANTS HAVE ABIDED BY THEIR DUTIES TO DISCLOSE

The Plaintiff has failed to articulate a recognizable right to relief. The Plaintiff has failed to cite any authority for the proposition that the Court may award sanctions to "protect" her from surprise and to "remind" the Defendants of her constitutional rights. The Plaintiff believes that Defendants are not acting in good faith with respect to their initial disclosures and or requests for discovery. In fact, the Defendants have complied with all their obligations under the Bankruptcy Code and pursuant to this Court's Amended Scheduling Order. (Doc. #40, hereafter "Order"). A denial of Plaintiff's Motion with prejudice is necessary given that this the second motion to compel to be heard in less than a month the current motion is not supported by legal authority.

### A. DEFENDANTS HAVE ABIDED BY DUTIES UNDER FRCP 26(a)(1)

Federal Rule of Civil Procedure (hereafter, "Rule") 26 is made applicable to bankruptcy pursuant to Federal Rule of Bankruptcy Procedure (hereafter, "Bankruptcy Rule") 7026. Bankruptcy Rule 7026. Rule 26(a)(1) states –

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, *if known*, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party *may use* to support its claims or defenses, unless the use would be solely for impeachment;

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and ***may use*** to support its claims or defenses, unless the use would be solely for impeachment; . . .

Rule 26(a)(1) (emphasis added).

In the initial disclosures, the Defendants stated that the following people may have discoverable information –

       a.) Defendants;

       b.) Kyle Rhone (Defendant's adult son);

       c.) Kole Rone (Defendants' adult son);

       d.) Conor Rhone (Defendant's adult son); and

       e.) Individual/company hired by Defendants to clean-up trash/debris prior to vacating property;

The Defendants do not know the address for two of their sons (Kyle and Kole) but provided what they believed to be their current telephone numbers. The Defendants do not know the street address for Conor nor his current telephone number but stated that they believe he lives in Syracuse, New York. With respect to the individual or company that cleaned the trash/debris, the disclosure stated. "Name and contact information currently unknown." The Defendants listed these individuals because they <u>may be used</u> to support their claims or defenses. Indeed, two of the adult sons lived with the Defendants at the property. It remains <u>unclear</u> whether they will be used or whether they actually have relevant information. In addition, it remains <u>unclear</u> whether the Defendants can obtain their current contact information. The purpose of disclosing these individuals was to be forthright and to avoid surprising the Plaintiff at a later stage in the litigation. If the Defendants obtain the contact information of the disclosed individuals, the Defendants will promptly provide this information to the Plaintiff.

*Based on the above, the Defendants have abided by their duties pursuant to FRCP 26(a)(1)(A)(i) and request that the Plaintiff's Motion be denied.*

In their initial disclosures, the Defendants stated that the following documents or evidence may be used to support their claims or defenses --

      a.  Bill/receipt/evidence of payment to individual/company hired by Defendants to clean-up trash/debris prior to vacating property. (Defendants paid in cash; unknown if evidence exists);

      b.  Bill/receipt/evidence of payment re rental of steam cleaner used to clean carpets prior to vacating property. (Unknown if evidence exists).

It is unclear if the Debtors can retrieve the above evidence to support their claims or defenses.  It was disclosed to the Plaintiff to give Plaintiff notice that this evidence may exist and may be used by the Defendants.

*Based on the above, the Defendants have abided by their duties pursuant to Rule 26(a)(1)(A)(ii) and request that the Plaintiff's Motion be denied.*

**B.**      **DEFENDANTS WILL TIMELY PRODUCE OR OBJECT TO REQUESTED DISCOVERY**

On May 5, 2022, the Plaintiff sent an email attaching a list of Interrogatories for Apryl Dawn Rhone.  (See Exhibit B).  The Plaintiff requested that Defendants serve their answers within 30 days of service.  The Defendant will respond timely – either by serving answers or filing an objection.  Since the deadline has not passed, the Plaintiff's Motion to Compel and request for sanctions is premature.  *As such, the Plaintiff's Motion must be denied*

**C.** **OTHER ISSUES AND AUTHORITY CITED IN MOTION ARE IRRELEVANT**

As a basis for Plaintiff's request for sanctions to "protect" against "future surprise," the Plaintiff cites *Ollier v. Sweetwater (In re Ollier)*, 768 F.3d 843, 862 (9th Cir. 2014) and *Fields v. Legacy Health Sys (In re Fields)*, 413 F.3d 943, 956 (9th Cir 2005). (Doc. #48, page 4). These cases do not support the Plaintiff's requested relief. In its discussion of disclosures and Rule 26, *Ollier* states that the purpose "is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Id*. *Ollier* affirmed the exclusion of 38 witnesses because they were <u>never</u> listed in the Rule 26(a) disclosures -- either initially or by supplement – and only disclosed indirectly <u>15 months after</u> the close of discovery on the theory that the plaintiff was on notice because "disclosed witnesses had mentioned the contested witnesses at their depositions." *Id*. Here, the Defendants timely disclosed the names of potential witnesses and are prepared to supplement the disclosures with the individuals current contact information if that can be obtained.

The Plaintiff's reliance *Fields* is irrelevant. Fields is cited for the proposition that "there is a Constitutionally protected property interest in a judgment." (Doc. #48, page 4). The Defendants do not dispute this. The Defendants are not contesting the judgment or abridging her due process rights under the Constitution. The Defendants listed the judgment in their schedules and provided timely initial disclosures. The Defendants are entitled to discharge general unsecured creditors (including liability for judgments) under the Bankruptcy Code and are entitled to a defend themselves in an adversary proceeding seeking to declare that a particular debt is not dischargeable.

The Defendants do not owe the Plaintiff an explanation as to why they don't have the current contact information of their children. (Doc. #48, page 5). The Defendant's disclosed

their children because they may have discoverable information to support *their* claims or defenses. If the Defendants believe that their children can be helpful in their defense and they are able to obtain their contact information, this will be disclosed in a supplemental disclosure. The Plaintiff cannot compel the Defendants to provide information that they don't possess.

The Plaintiff's argument with respect to lack of evidence is without merit. (Doc. #48, page 6). The Plaintiff has the burden of proof in proving her claims, namely that her debt is not dischargeable under the Bankruptcy Code. Merely reciting her allegations (with no evidence) is not sufficient to meet this burden. (Doc. #48, page 8). The litigation is in its early stages. The parties have until July 29, 2022 to complete discovery, and there is no evidence that the Debtor has destroyed or failed to preserve relevant evidence.

The Plaintiff's request for sanctions because the Defendants have "shut" Plaintiff "out of the discovery process because she is self-represented" or that the Court should "prohibit the Defendants from defending" this action is nonsensical. (Doc. #48, pages 8 and 9). The Plaintiff's offer no evidence to support this. The Defendants are not contesting her right to proceed in *pro per* nor questioning her efforts to navigate the legal system. Any discussion with respect to attorney fees was meant to inform the Plaintiff that she may be liable for Defendants' attorney fees in the event she is unsuccessful in this litigation. (See 11 U.S.C. § 523(d); Clause 19 of Rental Agreement with respect to attorney fees[1]).

## **CONCLUSION**

*Wherefore*, the Defendants object to Plaintiff's Motion and seek an order denying said Motion with prejudice and for such other and further relief as the Court deems just and proper.

---

[1] Doc. #6, page 19: "Clause 19. Payment of Court Costs and Attorney Fees in a Lawsuit. In any action or legal proceeding to enforce any part of this Agreement, the prevailing party . . . shall recover reasonable attorney fees and court costs."

RESPECTFULLY SUBMITTED

DATED: May 23, 2022                    JEN LEE LAW, INC.

                                       /s/*Leo G. Spanos*
                                       LEO G. SPANOS
                                       Attorney for the Debtor