JEN LEE LAW, INC.
Jen Grondahl Lee, No. 270012
Leonidas G. Spanos, No. 261837
Connie Tche, No. 255235
Amir Beg, No. 322363
111 Deerwood Road, Suite 200
San Ramon, California 94583
(925) 586-6738
(925) 361-3114 (fax)
leo@jenleelaw.com


Attorney for Defendants/Debtors

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | ) Case No.: 21-23737-C-7 |
| | ) |
| DOUGLAS MILAN RHONE and | ) AP No. 21-02088 |
| APRYL DAWN RHONE | ) |
| | ) Docket Control No. |
| Debtors. | ) |
| | ) **DEFENDANTS' OPPOSITION TO** |
| ROBERTA SCHWARTZ | ) **PLAINTIFF'S MOTION FOR** |
| | ) **DISCOVERY SANCTIONS** |
| Plaintiff/Creditor, | ) |
| | ) |
| v. | ) DATE: July 6, 2022 |
| | ) TIME: 10 a.m. |
| DOUGLAS MILAN RHONE and | ) DEPT: Dept C. (Courtroom 35) |
| APRYL DAWN RHONE | ) |
| | ) |
| Defendants/Debtors | ) |
| | ) |

DOUGLAS MILAN RHONE and APRYL DAWN RHONE ("Defendants" or "Debtors") oppose the Plaintiff's Motion for Discovery Sanctions (doc. #62) for the reasons stated below.

1

The Defendants filed for Chapter 7 bankruptcy relief on October 29, 2021. The Plaintiff filed the above referenced adversary proceeding on December 21, 2021. The Defendants were represented by counsel in the bankruptcy but not in the adversary proceeding. On February 7, 2022, the Plaintiff filed a Motion to Compel FRCP 26(a)[1] Discovery Conference ("First Motion to Compel"). (Doc. #14). The Plaintiff obtained an order granting the First Motion to Compel on March 23, 2022, and the hearing was continued to April 27, 2022. (Doc. #24). On April 26, 2022, Jen Lee Law, Inc. substituted into the case for the Defendants.

On April 27, 2022, Leonidas G. Spanos on behalf of Jen Lee Law, Inc., appeared for the Defendants. On April 29, 2022, the Court denied Plaintiff's Motion to Compel and issued an Amended Scheduling Order on April 29, 2022. (Doc. #38, #40, respectively). The scheduling order set a deadline for initial disclosures (May 6, 2022) and close of discovery (July 29, 2022).

On May 5, 2022, after consulting with the Defendants, Mr. Spanos sent the Plaintiff a copy of the Defendants' initial disclosures. The initial disclosures stated that the Defendants did not know the addresses for their adult sons Kyle and Kole and only knew or believed that Conor lived in Syracuse, New York.

On May 13, 2022, the Plaintiff filed another Motion to Compel ("Second Motion to Compel") requesting sanctions and alleging, among other things, that the Defendants should be required to explain why they cannot locate their sons. The Plaintiff set a hearing for May 25, 2022 at 1:30 p.m. On May 23, 2022, the Defendants filed an opposition stating that they were only required to list the addresses of the individuals listed in their initial disclosures if they knew them. (Doc. #55). On the same day (May 23, 2022), the Defendants filed a declaration stating

---

[1] Unless otherwise stated, all references to "FRCP" refer to the Federal Rules of Civil Procedures.

that they did not know the addresses of their adult sons, except that they believed Conor lived in Syracuse, New York.  (Doc. #56).

On June 1, 2022, the Court entered an order denying the Plaintiff's Second Motion to Compel.  (Doc. #58).

On June 6, 2022, after consulting with the Defendants and discovering their error regarding knowledge of the addresses of their sons, Mr. Spanos sent the Plaintiff Amended Initial Disclosures that included the addresses for Kyle and Kole and corrected the telephone number for Kole.  The amended disclosures reiterated that they believed that Conor lived in Syracuse, New York.  The amended disclosures were accompanied by a declaration stating that the addresses were "inadvertently omitted" from the original disclosures.

On June 10, 2022, Mr. Spanos and the Plaintiff met and conferred over the phone to go over the amended disclosures and the Defendants' objection to her interrogatories.  Mr. Spanos did not believe it was necessary to inform the Court because the Court already entered an order on the Plaintiff's Second Motion to Compel, FRCP 26(a) does not require that initial disclosures be filed with the Court, the Defendants sent the Plaintiff amended disclosures in accordance with FRCP 26(e), and the error regarding knowledge of the addresses was corrected.

On June 17, 2022, the Plaintiff filed a Motion for Discovery Sanctions ("Motion for Sanctions") and set a hearing for July 6, 2022.  (Doc. #62)

## ARGUMENT

### SANCTIONS ARE NOT JUSTIFIED BECAUSE DEFENDANT'S OMISSIONS WERE NOT WILLFUL AND CORRECTED IN AMENDED DISCLOSURES

The Plaintiff's request for sanctions based on perjury is without merit.  The Defendants' omission of their children's addresses in the initial disclosures does not constitute a willful misrepresentation to the Court or to the Plaintiff.  A witness commits perjury under 11 U.S.C. §

1821 when "testifying under oath or affirmation . . . she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87 (1993) citing *United States v. Debrow*, 346 U.S. 374, 376 (1953); *United States v. Norris*, 300 U.S. 564, 574, 576 (1937).

Evidence of the inadvertence of Defendants' statement regarding their lack of knowledge of their sons' addresses lies in the fact that they *voluntarily* corrected their error after it was discovered. That voluntary correction came in the form of the amended disclosures and a declaration signed June 6, 2022, emailed the same day to the Plaintiff, and served on Plaintiff by mail on June 7, 2022. It appears that the Defendants may not have carefully reviewed their declaration filed May 23, 2022, stating that they did not know the addresses of their adult sons.[2]

When the Defendants realized that they were supposed to disclose their son's addresses, they provided this information to their attorney; and, in accordance with FRCP 26(e), the Defendants sent amended disclosures to the Plaintiff on June 6, 2022. The Plaintiff has failed to show any harm resulting from the delay in the disclosure of the addresses. If the current discovery cutoff date of July 29, 2022 creates any difficulty in the Plaintiff's completing her discovery, the Defendants, subject to the approval of the Court, would not object to the extension to the discovery cutoff date from July 29, 2022 to August 31, 2022 or any other date which the Court may deem appropriate.

---

[2] As evidence of this, Defendants' opposition (doc. #55) and declaration (doc. #56) misspell Mr. Rhone's first name ("Douglass" instead of "Douglas") and lists the wrong middle name for Mrs. Rhone ("Milan" instead of "Dawn").

## **CONCLUSION**

*Wherefore*, the Defendants respectfully oppose the Plaintiff's Motion for Discovery Sanctions.

RESPECTFULLY SUBMITTED

DATED: July 4, 2022                    JEN LEE LAW, INC.

/s/*Leonidas G. Spanos*
LEONIDAS G. SPANOS
Attorney for the Defendants