**4**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive #127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile
Attorney for Plaintiff
Roberta Schwartz

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

IN THE MATTER OF:

| | |
|---|---|
| Douglas M. Rhone | Case No. 21-23737-C-7 |
| Apryl D. Rhone, | Adv. No. 21-02088-C |
|     Debtor    / | D.C. No. PGM-5 |
| Roberta Schwartz | |
|     Plaintiff, | Date: September 13, 2022<br>Time: 10:00 a.m.<br>Dept: C - Courtroom 35 |
| v. | Honorable Christopher M. Klein |
| Douglas M. Rhone,<br>Apryl D. Rhone, | **MOTION TO AMEND AND SUPPLEMENT COMPLAINT PURSUANT TO F.R.C.P. 15 AND BANKRUPTCY RULE 7015** |
|     Defendants. / | |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, and Bankruptcy Rule 7015, Plaintiff, Roberta Schwartz ("Plaintiff") respectfully requests leave to amend and supplement the complaint in the above-captioned case. Plaintiff seeks leave to amend and supplement the complaint in its entirety to remedy defects in the Pleading, which was asserted in Pro Per.

//

In support of this motion, Plaintiff submits a proposed Amended Complaint, Amended in its Entirety, attached as Exhibit A to this motion. Counsel for Plaintiff contacted counsel for Defendants in this case on July 20, 2022 to request Defendants' position on this motion.

## I. BACKGROUND

1. Plaintiff filed a Complaint in this case on December 21, 2021.
2. Defendants filed an answer on January 14, 2022.
3. Plaintiff, in Pro Per, filed a motion to Change the Close of Discovery, to which a "Limited Opposition" was filed. Plaintiff's motion was subsequently granted on July 27, 2022.

## II. ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure (28 U.S.C.) allows for the amendment of pleadings with leave of court, or with the opposing counsel's written consent, before trial, while the purpose of rule 19 of the Federal Rules of Civil Procedure is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.

**1. Federal Rules of Civil Procedure, Rule 15 (28 U.S.C)**

Rule 15 further provides that "[t]he court should freely give leave when justice so requires." *Id.* In addition, rule 15(d) specifically allows the filing of supplemental pleadings to allege new facts that occur after the filing of original pleadings. Rule 15(d) states that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental

pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." (Fed. Rules Civ.Proc., rule 15(d), 28 U.S.C.)

Because rule 15(a) instructs that leave to amend pleadings should be "freely" given, the standard of review is liberal. Indeed, the Ninth Circuit has instructed that the rule "should be interpreted with 'extreme liberality.'" *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990)(quoting *United States v. Webb,* 6565 F.2d 977, 979 (9th Cir. 1981)), and "[a]n outright refusal to grant leave to amend without justifying reason is...an abuse of discretion." *Smith v. Constellation Brands, Inc.,* 2018 WL 991450, at *2(9th Cir. Feb. 21, 2018)(quoting *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008) and citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). A District court only has discretion to deny leave to amend "due to..repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* at *2 (quoting *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009) and *Leadsinger, Inc v. BMG Music Publ'g, supra*, at p. 532).

Similarly, rule 15(d) "is intended to give district courts broad discretion in allowing supplemental pleadings" to promote "judicial economy and convenience." *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988); see also *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior,* 236 F.R.D. 491, 496 (E.D. Cal. 2006)("Leave should be freely given"). Supplemental pleadings should be allowed as a matter of course "unless some particular reason for disallowing them appears." *Keith v. Volpe, supra*, at

473 (citation omitted).

In the case at bar, Plaintiff seeks to amend and supplement the complaint to simplify and drop two of the causes of action.

New facts that relate to the original complaint, and review by counsel, demands corrections by the Plaintiff.

Therefore, as a matter of judicial economy and convenience, it is appropriate for this claim to be reduced from the original complaint.

Furthermore, any addition of these facts and claims to the existing case would not cause undue prejudice to either Defendant.

### III. CONCLUSION

For all of the above reasons, Plaintiff respectfully requests leave to amend and supplement her original complaint in the above-captioned matter.

Respectfully submitted this 29th day of July, 2022.

/s/ Peter G. Macaluso
Peter G. Macaluso,
Attorney for Plaintiff

MOTION TO AMEND AND
SUPPLEMENT COMPLAINT                    -4-                    Case No. 21-23737
                                                               Adv. No. 21-02088

# EXHIBIT A

**13**
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiff
Roberta Schwartz

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

IN THE MATTER OF:

| | |
|---|---|
| Douglas M. Rhone | CASE NO. 21-23737-C-7 |
| Apryl D. Rhone, | ADV. NO. 21-02088-C |
| _____Debtor_____/ | |
| Roberta Schwartz | |
| Plaintiff, | **[PROPOSED]** **AMENDED ADVERSARY COMPLAINT, AMENDED IN ITS ENTIRETY** |
| v. | |
| Douglas M. Rhone, | **1. 11 U.S.C. § 523(a)(4)** |
| Apryl D. Rhone, | **2. 11 U.S.C. § 523(a)(6)** |
| | **3. 11 U.S.C. § 727(a)(4)** |
| | **4. 11 U.S.C. § 727(a)(5)** |
| _____Defendants._____/ | **5. Attorney's Fees and Costs** |

COMES NOW, Roberta Schwartz, Plaintiff in the instant adversary proceeding and Creditor in the underlying Chapter 7 bankruptcy case ("Plaintiff"), by and through her attorney of record, Peter G. Macaluso, submits this Amended Adversary Complaint, amended in its entirety, and alleges as follows :
//

[PROPOSED] AMENDED COMPLAINT    -1-    Case No. 21-23737
                                                Adv. No. 21-02088

## I. ALLEGATIONS OF JURISDICTION AND VENUE

1. This adversary proceeding is brought in connection with Defendants' underlying bankruptcy case under Chapter 7 of Title 11, case number 21-23737-C-7.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. sections 157 and 1334.

3. Plaintiff contends that the cause of action(s) pursuant to the U.S. Bankruptcy Code in this matter is a core proceeding as it would only arise but for the filing of the underlying Chapter 7 case, and judgment in the Adversary Proceeding.

4. Plaintiff further contends that the cause of action is preempted by the Bankruptcy Code as the Bankruptcy Code does provide a specific remedy at the time of this complaint being filed.

5. To the extent that any part of this matter is deemed non-core, Plaintiff consents to this Court in rendering final judgment.

## II. GENERAL ALLEGATIONS

6. Defendants, Douglas M. Rhone and Apryl D. Rhone (collectively, "Defendants"), entered into a residential lease agreement with Plaintiff.

7. Plaintiff brings this action as a result of Defendants' willful and malicious injury to the Plaintiff/Creditor and her property.

8. On November 8, 2010, Plaintiff received rental applications from the Defendants and their son, Connor Rhone, to rent Plaintiff's property at 16202 Adobe Way, Lathrop, California 95330 ("Subject Property").

9. On or about November 19, 2010, Plaintiff went to Defendants' then-current residence at 1037 Sweet Pea Place, Manteca, California.

10. The purpose of Plaintiff's visit to Defendants' residence was to have paperwork signed for the rental of Plaintiff's Subject Property.

11. On or about November 19, 2010, while at the Defendants' residence at Sweet Pea Place, Plaintiff witnessed that Defendants had a black baby grand piano.

12. Plaintiff also witnessed the Defendants in possession of a large Thomas Kincade painting.

13. Plaintiff also witnessed the Defendants in possession of a large grandfather clock with a crystal dial.

14. Plaintiff also witnessed a chevron-style wedding ring on Apryl D. Rhone's hand, along with other gold jewelry.

15. Plaintiff also witnessed the Defendants in possession of an older brown dog, weighing approximately 50 pounds.

16. The Defendants moved into the Plaintiff's Subject Property on Adobe Way on or about November 19, 2010.

17. The Subject Property was a newer home, built in 2006.

18. The Subject Property measured 3260 square feet, and had four bedrooms and three full baths.

19. The Subject Property had well-maintained landscaping in both the front and the back of the property, as well as having trees and river rock on the side.

20. A resident move-in checklist was done with the Defendants prior to their move-in.

//

21. Plaintiff agreed to give the Defendants free rent from November 19, 2010, until December 31, 2010.

22. The Defendants, along with their son Connor, signed the lease.

23. The lease was to provide residency for the following people: Douglas Rhone, Apryl Rhone, Conor Rhone, Kyle Rhone, Kole Rhone, and Darian Wisuri.

24. The lease had an addendum that stated that there would be no smoking inside the Subject Property.

25. The lease also stated that they would maintain the Subject Property's landscaping.

26. The lease stated that Plaintiff would pay for the fire and burglar alarm on the Subject Property.

27. At the time of the move in, the Defendants discussed with the Plaintiff as to what their security word would be with the alarm company, and, should the alarm be triggered, that the Plaintiff would not be contacted by the company unless they could not reach the Defendants.

28. Plaintiff paid for the alarm for the continuum of Defendants' time at the residence.

29. The Defendants were contractually obligated to maintain the home and the perimeter of the home.

30. The lease was to include an insurance policy for $50,000.00, to be maintained by the Defendants, listing Plaintiff as the beneficiary in case of damage.

31. On approximately November 19, 2010, Plaintiff was given the insurance policy's declaration page from Safeco Insurance.

//

32. Plaintiff informed the Defendants that they needed to get her the declaration page showing her the beneficiary.

33. The Defendants told the insurance provider that the home had a burglar alarm, and received a discount on the policy because of that.

34. On August 2, 2018, I served the residents with a 60-day notice to vacate.

35. Defendants informed Plaintiff that they had disconnected the entire alarm when they moved in.

36. On October 2, 2018, Plaintiff and her son, Brandon Schwartz, went to the Subject Property, which was empty of the Defendants' belongings.

37. When Plaintiff walked through the Subject Property into the kitchen, she noticed the carpet was destroyed and a stench that quickly became unbearable.

38. Plaintiff then proceeded to open every door and window around the house and took pictures of the damage.

39. On October 9, 2018, Plaintiff emailed Defendant Douglas Rhone, again asking for the final part of the rent, his insurance policy, and what type of arrangements he felt could be made to pay for the tremendous amount of destruction to the Subject Property.

40. Plaintiff asserts she contacted and received a quote from the Pet Odor Removal Service for $19,805.00 to repair the Subject Property.

41. Plaintiff asserts that damages to the Subject Property included, but was not limited to: repairs to the shower, major cleaning, fence, stucco, garage, and other areas that were severely damaged.

42. Plaintiff asserts that the cost for the repair of the property would cost a minimum of $9,650.00, not including carpet, paint, drywall, banister, landscaping, garage door, baseboards, etc.

43. On or about October 22, 2018, Plaintiff emailed the Defendants the itemized account of all the damages that Plaintiff had been able to get estimates for.

44. On or about November 19, 2018, Plaintiff sold the home for $395,000.00.

45. Plaintiff could not afford to pay for odor removal, replacements, or repair of the property prior to selling.

46. Defendants' willful and malicious damages to the Subject Property caused Plaintiff to sell the property at a loss.

47. On February 26, 2019, Plaintiff filed a civil complaint against the Defendants and their son in the Superior Court of California, for the County of San Joaquin, case number STK-CV-URP-2019-2608 ("State Complaint").

48. The State Complaint consists of three causes of action: (1) Breach of Contract, (2) Waste, and (3) Fraud and Deceit.

49. In the third cause of action of the State Complaint, the Plaintiff alleged that Defendants made numerous misrepresentations, including but not limited to: only keeping one dog at residence.

50. In the third cause of action of the State Complaint, the Plaintiff alleged that Defendants made numerous misrepresentations, including but not limited to: obtaining and keeping a renter's insurance policy of at least $50,000.00 for property damage.

51. In the third cause of action of the State Complaint, the Plaintiff alleged that Defendants made numerous misrepresentations, including but not limited to: obtaining and keeping renter's insurance policy of at least $50,000.00 for property damage which designates the Plaintiff as the "party of interest" in the policy.

52. In the third cause of action of the State Complaint, the Plaintiff alleged that Defendants made numerous misrepresentations, including but not limited to: maintaining the alarm monitoring service which Plaintiff was providing at Plaintiff's own expense.

53. Defendants allowed multiple cats, dogs, and chickens to be housed at the Subject Property, in violation of the lease.

54. As a direct and proximate result of the Defendants' willful and malicious actions, Plaintiff and her Subject property were damaged.

55. Defendants willfully and intentionally caused significant damages to the Subject Property ("Damages").

56. Said Damages included, but were not limited to: feline urine on interior surfaces, including carpets, wood sub-floor, drywall, cabinets, and tile, damages to windows and screens, fencing in yard, cigarette smoke damage to interior surface, complete lawn replacement in backyard, replacement of approximately 800 square feet of tile, grout, and cement foundation, bleaching and acetone treatment, central support beams, and various damaged fixtures, including bathroom fixtures, plantation shutters, toilet seats, bathroom faucets, garbage disposal, and the wrought-iron stairway that was pulled out of

mounts.

57. The lease provided that Defendants would return the premises of the Subject Property to a condition identical to that which existed, except for ordinary wear and tear.

58. Defendants' damages to the Subject Property does not constitute "ordinary wear and tear."

59. Defendants' damages to the Subject Property was willful and malicious.

60. On or about January 9, 2020, Plaintiff was awarded an abstract of judgment, out of the Superior Court of the State of California in the amount of $104,717.50.

61. On October 29, 2021, Defendants Douglas and Apryl Rhone filed for Chapter 7 Bankruptcy.

62. On December 13, 2021, during the Debtors' the Meeting of the Creditors, the Defendants declared that they had not sold anything of value in the last 10 years.

63. On December 13, 2021, during the Meeting of the Creditors, the Defendants declared that Defendant Apryl Rhone's wedding ring had been sold in excess of 10 years ago.

64. On December 13, 2021, during the Meeting of the Creditors, the Defendants declared that Defendant Apryl Rhone had not worked in over 20 years.

65. Plaintiff asserts that Defendants purposely allowed the renter's insurance policy to lapse in November of 2011.

**III. PARTIES**

66. Plaintiff, Roberta Schwartz, is the creditor in the underlying Bankruptcy case number 21-23737-C-7.

//

67. Defendants, Douglas M. Rhone and Apryl D. Rhone, are the Debtors in Bankruptcy case number 21-23737-C-7.

**IV. CAUSES OF ACTION**

## FIRST CAUSE OF ACTION

## 11 U.S.C. § 523(a)(4)

68. Plaintiff incorporates all of the above paragraphs as if set forth herein at length.

69. Plaintiff alleges that an express trust was created between the parties within the lease.

70. Plaintiff alleges that Defendants sub-leased the residential property which was the subject of the lease.

71. Plaintiff alleges that in the sub-leasing of the residence was without the knowledge or consent of the Plaintiff.

72. Plaintiff alleges that such actions were fraudulent.

73. Plaintiff alleges that Defendants were a fiduciary at the time the sub-lease was created.

74. Plaintiff alleges that Defendants received sub-lease payments which were not paid to Plaintiff.

75. Plaintiff alleges that Defendants operated a car repair business at the property that is the subject of the lease.

76. The Defendants were fiduciaries to the Plaintiff at the time the debt, now owed to the Plaintiff, was created.

77. Plaintiff alleges that monies paid for the sub-leasing of the Subject Property were monies intended to be paid to pay the lease.

78. Plaintiff alleges that monies paid for automotive repairs conducted at the Subject Property were monies intended to be paid to pay the lease.

79. Plaintiff alleges that all monies paid for sub-leasing and repairs ("Funds") were misappropriated by Defendants.

80. Said Funds were not properly accounted paid as due.

## SECOND CAUSE OF ACTION

## 11 U.S.C. § 523(a)(6)

81. Plaintiff incorporates all of the above paragraphs as if set forth herein at length.

82. Plaintiff alleges that Defendants purposefully caused extensive damage to the Subject Property.

83. Plaintiff alleges that Defendants' motive was to damage the Subject Property or act in a way that was substantially certain to have caused the damages suffered.

84. Plaintiff alleges that Defendants had the subjective motive to damage Plaintiff.

85. Plaintiff alleges that Defendants' actions are prohibited under California State Law, and this allegation is supported by a Judgement in San Joaquin County, Superior Court of the State of California, case number STK-CV-URP-2019-2608, filed February 26, 2019.

## THIRD CAUSE OF ACTION

## 11 U.S.C. § 727(a)(4)

86. Plaintiff incorporates all of the above allegations as if set forth herein at length.

87. Defendants failed to list the ownership of any jewelry in Schedule B, question #12.

88. Defendants failed to list any "other income" received during this year or the two previous calendar years in their Statement of Affairs, question #5.

89. Defendants failed to list any assets sold in the last two years.

90. Defendants failed to list any tax refunds from either the Internal Revenue Service or the Franchise Tax Board in Schedule B.

91. On May 22, 2022, after reviewing the Chapter 7 Petition and Schedules, Defendants made corrections.

92. After Defendants corrected their Petition and Schedules, they asserted they do not own a large clock, dog, any jewelry, and deny that they have sold anything in the last two calendar years.

93. As evidenced above, the Defendants have knowingly and fraudulently made false oaths.

94. As evidenced above, Defendants have withheld assets of the Bankruptcy Estate.

## **FOURTH CAUSE OF ACTION**

## **11 U.S.C. § 727(a)(5)**

95. Plaintiff incorporates all of the above allegations as if set forth herein at length.

96. On December 13, 2021, during the Debtors' Meeting of Creditors, the Defendants declared that they had not sold anything of value in the last 10 years.

97. On December 13, 2021, during the Meeting of Creditors, the Defendants declared that Defendant Apryl Rhone's wedding ring was sold over 10 years ago.

98. On December 13, 2021, during the Meeting of Creditors, the Defendants declared that Defendant Apryl Rhone had not worked in over 20 years.

*//*

99. In Judicial Counsel Form WG007, submitted in the State Action, Defendants claimed that they owned $15,000.00 in furniture.

100. In Judicial Counsel Form WG007, submitted in the State Action, Defendants claimed that they owned $1,000.00 in jewelry.

101. As evidenced above, Defendants have failed to satisfactorily explain loss of assets.

## FIFTH CAUSE OF ACTION

### ATTORNEY'S FEES AND COSTS

102. Plaintiff incorporates all of the above allegations as if set forth herein at length.

103. Plaintiff hereby requests damages, as allowed for in title 11 of United States Code, section 105(a).

104. As such, pursuant to section 105(a), attorney fees by statute, Plaintiffs are entitled to reimbursement of attorney's fees.

105. Therefore, Plaintiff requests an award of attorney's fees in an amount the Court determines to be reasonable, as authorized by the provisions of the contract between the parties, and pursuant to the California statues cited herein.

**V. REQUEST FOR JUDGMENTS AND ORDERS**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a. That the Court issue a judgment holding that the abstract of judgment in the amount of $104,717.80 is non-dischargeable pursuant to title 11 of United States Code, section 523(a)(4);

//

|   |   |   |
|---|---|---|
| 1 | b. | That the Court issue a judgment holding that the abstract of judgment in the amount of $104,717.80 is non-dischargeable pursuant to title 11 of United States Code, section 523(a)(6); |
| 5 | c. | For attorney's fees and costs as allowed for in the contract between Plaintiff and Defendants, and pursuant to Civil Code; |
| 8 | e. | For all costs of suit incurred in this action including attorney's fees; and |
| 10 | f. | For such other and further relief as the Court deems just and proper. |

Respectfully submitted,

DATED: July 29, 2022

/s/Peter G. Macaluso
Peter G. Macaluso
Attorney for Plaintiff